IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MYSTINA HILL, ) | |
| ) | |
| Plaintiff, ) | Case No. CV10-517-S-EJL-CWD |
| ) | |
| vs. ) | ORDER RESETTING TRIAL |
| ) | AND ORDER OF REFERENCE |
| BOISE STATE UNIVERSITY, et al, ) | |
| ) | |
| Defendants. ) | |

With this case having been reassigned to the undersigned judge, **NOW THEREFORE, IT IS HEREBY ORDERED:**

All non-dispositive matters are referred to United States Magistrate Judge Candy W. Dale. Judge Dale is directed to enter an appropriate order as to disposition. A party contending the order is clearly erroneous or contrary to law shall file written objections with the court within fourteen (14) days. 28 U.S.C §636(b)(1)(A); Local Rule 72.1.

The Case Management Order (Docket No. 17) shall be adopted in its entirety, except for the date of trial, which is RESET on **June 12, 2012, at 9:30 a.m.** before Judge Lodge, in the Federal Courthouse in **Boise**, Idaho.[1] The trial is tentatively scheduled for four (4) days. Thereafter, the trial shall be conducted from 9:00 a.m. to 4:00 p.m. A continuance for reason will be granted only upon a showing of extraordinary circumstances.

Motions in limine, if any, shall be filed thirty (30) days prior to trial. Response to motions in limine, if any, shall be filed within fourteen (14) days from the filing of the motion.

---

[1] The parties are further advised that criminal matters may also be set on that date, which would supersede all civil settings; however, civil matters would commence in the order set at the conclusion of any criminal proceedings, if time allows.

ORDER - Page 1
11ORDERS\hill_tsc.WPD

The Court, upon a review of the pending motions, will determine whether a hearing is necessary. For any pre-trial motions filed prior to the deadlines set forth in this Order, the responsive briefing due date shall be those set forth in Local Rule 7.1.

Witness lists shall be filed fourteen (14) days prior to trial, unless otherwise ordered or agreed upon. Witness lists shall contain the material listed in Fed. R. Civ. P. 26(a)(3)(A)&(B), and shall include a brief description of the subject matter of the witnesses' expected testimony.

Exhibit list shall be exchanged between the parties and submitted to the Court within fourteen (14) days prior to trial. The exhibit lists shall follow the guidelines set out in Local Rule 16.3. Plaintiff's Exhibits should be numbered and listed starting with "1." Defendant shall contact Ms. Anne Lawron, In-court Deputy, 334-9022, to receive their exhibit numbers. If either side has multiple parties or numerous exhibits, contact Ms. Lawron for number assignments. Each exhibit should be labeled with a color-coded sticker. (Yellow for plaintiff; blue for defendant. Stickers are available at the Clerk's Office, US courthouse.) The number of the exhibit and number of the case should be on all exhibits. A copy of the exhibits should be delivered to opposing counsel. A set of originally marked exhibits and a copy of the exhibit list shall also be delivered to Ms. Lawron on the day of trial, along with two complete sets of exhibit copies and exhibit lists for use of the Court and staff attorney. Impeachment exhibits will be marked, sealed and delivered only to the Court. Except for good cause shown, no exhibits or testimony will be received in evidence at trial unless presented in accordance with this order.

Trial briefs shall be exchanged between the parties and submitted to the Court within fourteen (14) days prior to trial. The Court is to be advised and briefed on all anticipated evidentiary problems <u>before</u> trial; no motions will be heard on the morning of a trial unless approved by the court in advance.

All proposed jury instructions are required to be filed and served at least fourteen (14) days prior to trial. The proposed jury instructions shall follow the guidelines set forth in Local Rule 51.1. Proposed jury instructions shall also be provided to chambers by sending

a "clean" set without cites or numbers, in a Wordperfect compatible document, to EJL_Orders@id.uscourts.gov .

All proposed voir dire questions are to be filed at least fourteen (14) days prior to trial. The Court will conduct voir dire of the jury panel. Counsel will be allowed to briefly question the jury panel following the Court's voir dire.

If the matter to be tried is changed to a court trial, suggested Findings of Fact and Conclusions of Law are to be submitted at least fourteen (14) days before trial. Attach an index directing the Court's attention to the evidence that will support the proposed findings or conclusions of law. A stipulation on all non-contested issues should accompany these documents.

When appearing in this Court, all counsel (including, where the context applies, all persons at counsel table) shall abide by the following rules. Failure to abide may result in sanctioning by the Court:

1. Stand as Court is opened, recessed or adjourned.
2. Stand when jury enters or retires from the courtroom.
3. Stand when addressing the Court. When making an objection, stand and state only the legal basis for the objection. If a response is necessary, be brief, without making a speech. If it is **critical** to the case that counsel be heard in more detail, a bench conference may be called to explain the basis for an objection. Otherwise, bench conferences will not be permitted.
4. Stand at the lectern while examining any witnesses; except that counsel may approach the witness for purposes of handling or tendering exhibits, with Court approval.
5. Stand at the lectern while making opening statements or closing arguments.
6. Address all remarks to the Court, not to opposing counsel.
7. Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feelings between the litigants or witnesses.

8. Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

9. Only one attorney for each party shall examine or cross examined each witness. The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross examination.

10. Prior to testifying, counsel shall place before the witness all exhibits to which he or she will testify.

11. Diagrams or exhibits should be drawn or marked by the witness before taking the stand.

12. Any witness testifying at the time of recess or adjournment must be back on the witness stand when the Court reconvenes. If a new witness is to be called, he/she must be standing in front of the witness box ready to be sworn.

13. In examining a witness, counsel shall not repeat or echo the answer given by the witness.

14. Gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

DATED: **March 15, 2011**

Honorable Edward J. Lodge
U. S. District Judge